RANDY S. GROSSMAN
United States Attorney
KATHERINE E. A. MCGRATH
CA Bar No. 287692
AMANDA L. GRIFFITH
CA Bar No. 243854
Assistant U.S. Attorneys
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9054/8970
Email: katherine.mcgrath@usdoj.gov
       mandy.griffith@usdoj.gov
Attorneys for the United States

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL LADRE DUNBAR,<br><br>Defendant. | Case No. 20-CR-1700-TWR<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date: February 9, 2023<br>Time: 2:00 p.m. |

The United States respectfully submits this memorandum setting forth its sentencing recommendation for Defendant. The United States recommends that this Court sentencing Defendant to 235 months in custody, to be followed by 10 years of supervised release, and that Defendant pay a $100 special assessment for each count.

**A. Factual Background**

The United States anticipates that the Court is familiar with the facts of this case

given the August 2022 jury trial; as such it restates specific facts only as far as they relate to its sentencing recommendation. In sum, in late April 2020, when Defendant was 30 years old, he met a 17 year old girl (MF) at a Burger King drive-through in Arizona. On May 7, 2020, Defendant was arrested when he was contacted by the San Diego Human Trafficking Task Force (SD-HTTF) with MF outside of a Hilton Garden Inn in San Diego, California. The evidence presented at trial revealed what happened during the intervening time that Defendant and MF were together. Over a period of approximately two weeks, MF both engaged in commercial sex under the direction and control of Defendant, and had a sexual relationship with Defendant. A mere three days after they met, Defendant posted advertisements on various websites offering MF for sex. MF had never engaged in sex for money prior to meeting Defendant. She was a teen mom to a newborn baby. She was having some family issues and trying to finish high school and provide for her child. She believed that she could get quick money and better her life. Instead, while MF did meet many different men with whom she engaged in sex acts for money, she gave all of that money to Defendant. Defendant, meanwhile, repeatedly provided MF with drugs and alcohol and on at least one occasion, raised his hand to MF when she did not earn enough money for him. On May 6, 2020, Defendant then transported MF from Arizona—where all of her family and friends were—to San Diego—where he is from—to have her continue to engage in commercial sex acts for money. Only thirty minutes or so after their arrival, in the middle of the night, he again posted advertisements online offering MF for commercial sex.

The Presentence Report (PSR) details Defendant's background, history, and characteristics. It also recites Defendant's criminal history, which dates back to 2009. Among other things, Defendant has convictions relating to pimping of a minor; domestic violence; drugs; and driving under the influence. PSR ¶¶ 49-62. The PSR also details a number of other arrests that the did not result in prosecution. *Id.* ¶¶ 66-74. It notes that according to San Diego County Sheriff booking records, Defendant is a documented Skyline Piru gang member. *Id.* ¶ 88. The PSR recommends that Defendant be sentenced to

235 months in custody.

### B. The Proposed Sentence Is Appropriate

The United States urges the Court to impose the 235 month custodial sentence recommended by the United States, followed by ten years of supervised release. The severity of Defendant's conduct cannot be understated. When 18 U.S.C. §1591 was first passed as part of the Trafficking Victims Protection Act of 2000 ("TVPA"), Congress referred to human trafficking as "a modern form of slavery." 22 U.S.C. §§7101(b). In recognition of the severity of such offenses, Congress limited the types of downward departures and adjustments available for defendants convicted of certain sex offenses involving minors. *See, e.g.* 18 U.S.C. §3553(b) (limiting the number and types of departures and adjustments for certain sex offenses involving children); U.S.S.G. §5K2.0 (same).

As described above and recounted in detail at trial, Defendant manipulated and preyed on MF so that he could make money as a pimp. While MF should have been taking care of her infant daughter, going to school, and working, she instead spent a whirlwind two weeks with Defendant having sex with strangers, doing drugs and drinking alcohol, and ultimately being taken far away from her family and the life she knew prior to meeting Defendant. MF struggles, and will continue to struggle, with the ramifications of what happened to her for a very long time—possibly the rest of her life. The PSR details the impact this crime has had on MF and her family.

Defendant, meanwhile, has a troubling history demonstrating violence, sexually exploitive conduct, and a consistent refusal to abide by the law. Notably, after being arrested in the present matter, Defendant attempted to obstruct the investigation by repeatedly requesting that his wife delete the contents of his cellular phone and online accounts. There is a strong need to promote respect for the law through an adequate punishment for Defendant. Based on the nature of Defendant's crimes and conduct, there is a compelling need to deter future similar conduct not only by him but also by other like-

minded individuals with an interest in pimping and beating young girls in order to make money. Moreover, there is a strong need to protect the public from further crimes of Defendant. He has an extensive criminal history, including prior convictions similar to the instant offense. He has shown no remorse or acceptance of responsibility for his actions. A significant custodial sentence will ensure that he cannot victimize other teenage girls in the same way again. The recommended sentence of 235 months in custody is sufficient but not greater than necessary when considering all of the factors under section 3553(a) and the United States respectfully urges the Court to impose that sentence. Moreover, a ten year period of supervised release is recommended for many of these same reasons.

### C. Restitution, Forfeiture, & Victim Impact at Sentencing

There is no request for restitution in this case.

Though alleged in the indictment, the United States did not pursue forfeiture so there is no forfeiture to be ordered in this case.

As of the filing of this sentencing memorandum, no additional statement has been provided by MF, or in the alternative, by her mother. If one is received ahead of the sentencing hearing, it will be promptly submitted to the Court and provided to Defendant. If received the morning of the sentencing hearing, the United States will read it into the record for the Court's consideration, pursuant to 18 U.S.C. § 3771.

DATED: February 2, 2023.　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　RANDY S. GROSSMAN
　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　*s/Katherine E. A. McGrath*
　　　　　　　　　　　　　　　　　　　　Katherine E. A. McGrath
　　　　　　　　　　　　　　　　　　　　Amanda L. Griffith
　　　　　　　　　　　　　　　　　　　　Assistant U.S. Attorneys

4

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br>  v.<br><br>MICHAEL LADRE DUNBAR,<br><br>  Defendant. | Case No. 20-CR-1700-TWR<br><br>**Certificate of Service** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, declare under penalty of perjury that I have served the foregoing document on the above-captioned party(ies) by:

■ electronically filing it with the U.S. District Court for the Southern District of California using its ECF System, which electronically notifies the party(ies).

☐ causing the foregoing to be mailed by first class mail to the parties identified with the District Court Clerk on the ECF System.

■ causing the foregoing to be hand-delivered to the following non-ECF participant:

  Michael Ladre Dunbar, Federal Register Number 93173-298
  MCC SAN DIEGO
  METROPOLITAN CORRECTIONAL CENTER
  808 UNION STREET
  SAN DIEGO, CA 92101

Executed on February 2, 2023.

  */s/ Katherine E. A. McGrath*
  Katherine E. A. McGrath
  Assistant United States Attorney